IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-01617-KLM-CBS

WEST BEND MUTUAL INSURANCE COMPANY,

    Plaintiff,

v.

BRITTANY SCHWANTES,
THOMAS SIMMINS, and
MARY SIMMINS,

    Defendants.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

    Interested Party.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **American Family Mutual Insurance Company's Motion to Intervene** [Docket No. 17; Filed August 26, 2011] (the "Motion").  Plaintiff opposes the relief requested and filed a Response on September 19, 2011 [Docket No. 33]. American Family Mutual Insurance Company ("American Family") submitted a Reply on October 13, 2011 [Docket No. 36].  The Court has reviewed the briefing and the applicable case law, and is fully advised in the premises.  For the reasons stated below, the Court **GRANTS** American Family's Motion to Intervene.

**Background**

On February 18, 2011, the Simmins Defendants filed a state court lawsuit against Defendant Schwantes, arising from an automobile accident between these parties that occurred on July 16, 2010. *Compl.*, Docket No. 1 at 3-4. Plaintiff provides automobile insurance to the parents of Defendant Schwantes. *Id.* at 3. Plaintiff believes it is under no obligation to cover the claim submitted by the Simmins Defendants, and thus initiated this declaratory judgment action, seeking a declaration that it has no duty to defend or indemnify Defendant Schwantes in the underlying state court action, or in any other way related to the July 16, 2010 accident. *Id.* at 6.

American Family provides automobile insurance to the Simmins Defendants. American Family contends that this lawsuit may implicate the uninsured motorist ("UM") coverage provision in the Simmins' automobile policy, should the Court decide that Plaintiff is not obligated to defend or indemnify Defendant Schwantes. *Motion*, Docket No. 17 at 2. American Family sought and was granted leave to intervene in the underlying state court lawsuit, for the purpose of "protect[ing] its interests with respect to the conditional UM claim." *Id.* American Family now seeks leave to intervene in this declaratory judgment action, based on its asserted "direct interest in this Court's determination as to the scope of coverage under West Bend's policy." *Id.*

The Motion is partially unopposed. Defendant Schwantes has not defended the lawsuit; thus the Clerk of Court, on motion by Plaintiff, entered default against Defendant Schwantes on September 2, 2011 [Docket No. 28]. The Simmins Defendants do not oppose the Motion. As stated, Plaintiff opposes the requested relief. In sum, Plaintiff argues that "American Family does not have a direct interest in the dispute . . . and any

interest it may have is adequately represented by the existing parties." *Response*, Docket No. 33 at 1.

## Legal Standard

Pursuant to Fed. R. Civ. P. 24(a)(2), "[o]n timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." The Tenth Circuit Court of Appeals has interpreted Rule 24(a)(2) to contain four discrete elements that must be met by the movant: 1) the motion must be timely; 2) the movant must claim an interest related to the property or transaction which is the subject of the action; 3) the movant's interest may be impaired or impeded if intervention is not permitted; and 4) the existing parties must not adequately represent the movant's interest. *Elliott Indus. Ltd. P'ship v. BP Am. Prod. Co.*, 407 F.3d 1091, 1103 (10th Cir. 2005). "The Tenth Circuit generally follows a liberal view in allowing intervention under Rule 24(a)." *Id.*

## Analysis

### I. Timeliness

Whether a motion pursuant to Rule 24(a) is timely filed falls within the Court's discretion. *Capitol Indem. Corp. v. Heckel*, No. 11-cv-00340-CMA-CBS, 2011 WL 2883467, at *2 (D. Colo. July 15, 2011) (citing *Sanguine, Ltd. v. U.S. Dep't of the Interior*, 736 F.2d 1416, 1418 (10th Cir. 1984)). The Court looks to "all of the circumstances, especially (1) the length of time since the movant knew of its interests in the case; (2) prejudice to the existing parties; and (3) prejudice to the movant." *Id.* (internal quotation

omitted).

The timeliness of American Family's Motion is not disputed.[1]  This case commenced on June 20, 2011, and American Family filed its Motion only two months later.  The Court finds that the Motion is timely filed.

## II. Movant's Interest in the Subject Transaction

The Court next considers whether American Family has an "interest" in the case. The interest test under Rule 24(a)(2) is "primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *Utah Assn. of Counties v. Clinton*, 255 F.3d 1246, 1251-52 (10th Cir. 2001). American Family's interest must be "'direct, substantial, and legally protectable.'" *City of Stilwell v. Ozarks Rural Elec. Coop. Corp.*, 79 F.3d 1038, 1042 (10th Cir. 1996) (quoting *Alameda Water & Sanitation Dist. v. Browner*, 93 F.3d 88, 90 (10th Cir. 1993)).

The Tenth Circuit has advised that "the interest requirement is not a mechanical rule. It requires courts to exercise judgment based on the specific circumstances of the case." *United States v. Albert Inv. Co., Inc.*, 585 F.3d 1386, 1392 (10th Cir. 2009) (citing *San Juan Cnty.*, 503 F.3d at 1199) (internal quotations omitted).  "At minimum, the applicant must have an interest that could be adversely affected by the litigation." *Id.*  "The threat of economic injury from the outcome of litigation undoubtedly gives a petitioner the requisite interest." *Id.* at 1393 (citing *WildEarth Guardians v. U.S. Forest Serv.*, 573 F.3d 992, 996

---

[1] Additionally, Plaintiff does not present an argument against American Family's standing to intervene.  Nevertheless, the Court finds that American Family has standing to intervene as a defendant alongside the Simmins Defendants (and Defendant Schwantes).  *See San Juan Cnty. v. United States*, 503 F.3d 1163, 1172 (10th Cir. 2007) ("parties seeking to intervene under Rule 24(a) or (b) need not establish Article III standing so long as another party with constitutional standing on the same side as the intervenor remains in the case") (internal quotations and citation omitted).

4

(10th Cir. 2009)).

Here, American Family contends that its financial obligations pursuant to the insurance policy between it and the Simmins Defendants will be "directly affected by the determination of whether and to what extent liability coverage exists under the West Bend policy." *Reply*, Docket No. 17 at 4.  The Court agrees.  Should the Court determine that Plaintiff is not obligated to defend or indemnify Defendant Schwantes in the underlying state court action, pursuant to American Family's representations, American Family will likely be obligated to provide UM coverage to the Simmins Defendants.  *See* [#17] at 2; [#36] at 2.  This clearly constitutes an economic injury.

The Court is not persuaded by Plaintiff's characterization of the alleged economic injury at issue as merely speculative.  *See* [#33] at 3-4.  Plaintiff correctly references the Tenth Circuit's determination in *San Juan County*; however, the Court finds that the holding in *San Juan County* favors American Family's position.  *See id.* at 3.  In *San Juan County*, the Tenth Circuit explained that "[a]lthough the intervenor cannot rely on an interest that is wholly remote and speculative, the intervention may be based on an interest that is contingent upon the outcome of the litigation."  503 F.3d at 1203 (citation omitted). American Family's interest is indeed contingent upon the outcome of this litigation, but the potential for economic injury is more than speculative, considering the insurance contract-based nature of the lawsuit.  In light of the above-stated jurisprudence, the Court finds that the threat of economic injury against American Family resulting from a potential decision adverse to Defendants in this case states the requisite interest pursuant to Rule 24(a)(2).

### III.  Possible Impairment of Movant's Interest

"To satisfy the impairment element of the intervention test, a would-be intervenor

5

must show only that impairment of its substantial legal interest is possible if intervention is denied. This burden is minimal." *WildEarth Guardians*, 573 F.3d at 995 (quoting *Utah Ass'n of Counties*, 255 F.3d at1253 (10th Cir. 2001)).

The Court finds *Minnesota Lawyers Mutual Insurance Company v. Verdisco*, No. 10-cv-01008-REB-MEH, 2010 WL 3239217 (D. Colo. Aug. 13, 2010) persuasive. In that matter, an insurance company filed suit against its insured, seeking a declaratory judgment regarding the scope of its insurance obligation arising from an underlying state court case. The underlying state court case concerned a dispute between the insured, who initiated the lawsuit, and her former business partners, who counterclaimed against her. The insurance company believed it had no duty to defend or indemnify the insured as related to the counterclaims. The former business partners (defendants and counter-claimants from the state court case) moved to intervene in the declaratory judgment action. The court granted leave to intervene, after narrowing the issue presented to "whether a litigant [with claims] against the insured may intervene in the insurance company's declaratory coverage action."[2] *Id.* at *2. The *Verdisco* court found that the movants, seeking permission to intervene as defendants, met the minimal burden of demonstrating impairment due to their claim that "they must have the opportunity to defend their interest in seeking to validate the insurance policy," particularly in light of the named defendant's financial inabilities. *Id.* at *3.

In essence, Plaintiff in this matter asserts that American Family's interest is not

---

[2] This question is similar to the matter before the Court. Here, American Family, as the insurer of the state court plaintiffs (adverse to the Plaintiff's insured), seeks to intervene in the Plaintiff's declaratory coverage action filed against Plaintiff's own insured (and American Family's insured). The facts are not identical to *Verdisco*, but are analogous to the extent that the resulting analysis by the *Verdisco* court is informative.

6

impaired due to its ability to seek subrogation against Defendant Schwantes in a separate action, should it be required to pay UM benefits to the Simmins Defendants. [#33] at 4. However, as correctly stated by American Family, the Court may consider impairment "as a practical matter . . . [and] is not limited to consequences of a strictly legal nature." [#36] at 3 (citing *Utah Ass'n of Counties*, 225 F.3d at 1253). Although American Family could commence a separate suit for subrogation once this matter has concluded, if necessary, this proposition is contrary to the purpose of Rule 24(a)(2). As explained in *San Juan County*, "the factors mentioned in the Rule are intended to capture the circumstances in which the practical effect on the prospective intervenor justifies its participation in the litigation. Those factors are not rigid, technical requirements." 503 F.3d at 1195. The practical effect here of granting leave to intervene would allow American Family to preserve its right to defend its economic interest related to the underlying state court lawsuit in the immediate action, rather than duplicating proceedings by forcing the future initiation of a subrogation suit. "[W]here a proposed intervenor's interest will be prejudiced if it does not participate in the main action, the mere availability of alternative forums is not sufficient to justify denial of a motion to intervene." *Utah Ass'n of Counties*, 225 F.3d at 1254 (quoting *Commodity Futures Trading Comm'n v. Heritage Capital Advisory Serv.*, 736 F.2d 384, 387 (7th Cir. 1984)). Thus, the Court finds that American Family has met the "minimal" showing required for demonstrating that its interests may be impaired or impeded by the disposition of this lawsuit.

### IV.  Adequate Representation of Movant's Interest

"Even if an applicant satisfies the other requirements of Rule 24(a)(2), it is not entitled to intervene if its 'interest is adequately represented by existing parties.'" *San Juan*

*Cnty.*, 503 F.3d at 1203 (quoting Fed. R. Civ. P. 24(a)(2)). However, consistent with the liberal standards explained herein regarding the first three factors prescribed by Rule 24(a)(2), the burden of showing that the representation by existing parties may be inadequate is minimal. *Utah Ass'n of Counties*, 225 F.3d at 1254 (citing *Sanguine*, 736 F.3d at 1419)). "The possibility that the interests of the applicant and the parties may diverge need not be great in order to satisfy this minimal burden." *Id.* (quoting *Natural Res. Def. Council v. United States Nuclear Regulatory Comm'n*, 578 F.2d 1341, 1346 (10th Cir. 1978)) (internal quotation omitted). The general presumption is that "representation is adequate when the objective of the applicant for intervention is identical to that of one of the parties." *Id.* at 1204 (citation and internal quotations omitted). This presumption is rebutted by merely a "*possibility* of inadequate representation." *WildEarth Guardians*, 573 F.3d at 996 (citing *Utah Ass'n of Counties*, 225 F.3d at 1254) (emphasis in original).

Plaintiff contends that American Family's interests "are adequately represented by the Simmins[es], an existing party [sic] to the suit." [#33] at 7. Plaintiff alleges that the litigation objectives of the Simmins Defendants and American Family are identical, as they are "both interested in a finding that West Bend provided liability insurance coverage to Schwantes at the time of the accident." *Id.* Plaintiff avers that American Family's and the Simmins Defendants' adversarial position in the underlying state lawsuit (presumably relating to American Family's resistance to paying the Simmins' insurance claims (*see* [#36] at 5)) is irrelevant to the determination of adequate representation in this action. *Id.*

American Family challenges these suggestions by Plaintiff, asserting that "none of the existing parties have the same objectives or interests as American Family." [#36] at 5. American Family's interests are contrary to Plaintiff's interests for obvious reasons.

8

Defendant Schwantes is in default, thus American Family contends that her interests should not be considered. *Id.* As to the Simmins Defendants, American Family believes that "no individual defendant can represent the interests of an insurance company who is uniquely situated as to know[ing] and understand[ing] state requirements that apply to insurance carriers . . . ." *Id.* In any event, American Family argues that at the least, a possibility exists as to the divergent interests of American Family and the Simmins Defendants, "given their status as adversaries in the [state court] lawsuit and the fact that each has distinct rights and obligations pursuant to the insurance policy." *Id.*

The Court agrees in part with American Family. Plaintiff correctly states that American Family's and the Simmins Defendants' interests are ultimately the same, in that they both seek a determination that Plaintiff is obligated to defend and indemnify Defendant Schwantes in the underlying state court action (thereby obligating Plaintiff, on behalf of Defendant Schwantes, to pay the damages alleged by the Simmins Defendants and, as the other side of the same coin, alleviating American Family's obligation to pay UM benefits to the Simmins Defendants). However, the Court is persuaded by American Family's characterization of its interests as adverse to its own insured (the Simmins Defendants), as American Family "is defending against the Simmons' [sic] claims under its policy in the Underlying Lawsuit" (*i.e.*, American Family believes Plaintiff, not American Family, should pay those claims). [#36] at 5. Recognizing the minimal burden necessary to show inadequate representation, the Court finds that American Family has sufficiently demonstrated the possibility that the named Defendants will not adequately represent its interests. Thus, this fourth and final factor weighs in favor of granting leave to intervene.

Accordingly, the Court finds that American Family satisfies the four requisite factors

articulated by Rule 24(a)(2). American Family is therefore entitled to intervene as a defendant in this lawsuit, as a matter of right.

## V. Subject Matter Jurisdiction

Even though American Family may intervene as a matter of right pursuant to Rule 24(a)(2), the Court must satisfy itself of subject matter jurisdiction at all stages of litigation. *See* Fed. R. Civ. P. 12(h)(3); *see also Shaw v. AAA Engineering & Drafting Inc.*, 138 F. App'x 62, 67 (10th Cir. 2005) (citation omitted) ("[I]t has long been recognized that a federal court must, sua sponte, satisfy itself of its power to adjudicate in every case and at every stage of the proceeding."). The Court may exercise subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332. Section 1332 governs diversity jurisdiction. Section 1332 requires an amount in controversy exceeding $75,000, and that the matter be a "controversy between citizens of different states, all of whom on one side of the controversy are citizens of different states from all parties on the other side." *City of Indianapolis v. Chase Nat'l Bank of City of New York*, 314 U.S. 63, 69 (1941) (citation omitted).

According to the Complaint, Plaintiff is a Wisconsin company and Defendants are residents of Colorado. [#1] at 2. Additionally, Plaintiff attests that "the matter exceeds $75,000 in value." *Id.* In its Motion, American Family discloses that, like Plaintiff, it is also a Wisconsin company, for purposes of diversity jurisdiction. [#17] at 5. However, American Family states that the plain language of 28 U.S.C. § 1367 "permits intervention as a defendant without destroying subject matter jurisdiction." *Id.* The Court agrees.

"[T]he jurisdiction of the Court depends upon the state of things at the time of the action brought, and ... after vesting, it cannot be ousted by subsequent events." *Price v. Wolford*, 608 F.3d 698, 702 (10th Cir. 2010) (citation omitted). "Once a district court has

10

jurisdiction, additional claims and parties can be added under the supplemental-jurisdiction statute, 28 U.S.C. § 1367(a), which grants the district courts jurisdiction 'over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.'" *Id.* (quoting 28 U.S.C. § 1367(a)). The Court has no question as to its subject matter jurisdiction over the Complaint pursuant to 28 U.S.C. § 1332, nor as to whether American Family's defense arises from the same facts as the present declaratory judgment action or the underlying state court lawsuit.

Section 1367(a) prescribes that "supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." Section 1367(b) articulates exceptions to the exercise of supplemental jurisdiction over the following categories: 1) "claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 . . ."; 2) "claims by persons proposed to be joined as plaintiffs under Rule 19 . . ."; or 3) persons "seeking to intervene as plaintiffs under Rule 24 . . . ." None of these exceptions are present here. American Family intervenes as a defendant, not a plaintiff, and Plaintiff asserted no claims against American Family in the original Complaint. *See Price*, 608 F.3d at 703-04. Accordingly, the Court is satisfied that it may exercise subject matter jurisdiction over this case, inclusive of American Family as an Intervenor-Defendant, pursuant to 28 U.S.C. § 1367(a) and (b).

### Conclusion

IT IS HEREBY **ORDERED** that American Family Mutual Insurance Company's Motion to Intervene [#17] is **GRANTED**.

IT IS FURTHER **ORDERED** that the Clerk of Court is directed to add American

Family Mutual Insurance Company as a Defendant in this matter.

IT IS FURTHER **ORDERED** that American Family Mutual Insurance Company's Answer located at Docket No. 17-3 is accepted as filed and entered as of the date of this Order.

Dated: October 21, 2011

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge